a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OUNCRE D. JONES, Plaintiff | CIVIL ACTION NO. 1:18-CV-1160-P |
| VERSUS | JUDGE DEE D. DRELL |
| ROGER HENSON, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Ouncre D. Jones ("Jones"). Jones is a pretrial detainee at the Natchitoches Parish Detention Center. Jones complains that his constitutional rights were violated when his personal property was lost or destroyed.

Because Louisiana law provides an adequate remedy for Defendants' alleged negligent action, the Due Process Clause is not implicated, and Jones's complaint should be dismissed.

### I. Background

Jones alleges that his property was packed in anticipation of a transfer to another facility on July 2 or 3, 2018. The transfer did not take place. (Doc. 1-2, p. 4). On July 29, 2018, Jones filled out a lost property form. Jones was ultimately informed that his property had been "disposed of on July 3, 2018." (Doc. 1-2, p. 7).

Jones filed an administrative grievance. In response, Captain Glenn Sers of the Natchitoches Parish Sheriff's Office requested documentation and proof of value of the missing items. (Doc. 1-2, p. 2).

II. <u>Law and Analysis</u>

    A. <u>Jones's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Jones is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); <u>Rosborough v. Mgmt. and Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because Jones is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. <u>Jones cannot state a constitutional claim for his lost property.</u>

The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of . . . property, without due process of law." U.S. Const. amend. XIV. However, the random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981); <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson</u>, 468 U.S. at 532.

The United States Court of Appeals for the Fifth Circuit has recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. See Hutchinson v. Prudhomme, 79 F. App'x 54, 55 (5th Cir. 2003); Copsey v. Swearingen, 36 F.3d 1336, 1342–43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Jones's state law remedy for the alleged negligent or intentional destruction of his property lies in a suit for damages in state court. Because Louisiana law provides an adequate remedy for Jones's property deprivation, the Due Process Clause is not implicated.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jones's complaint be DENIED and DISMISSED with prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of October, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge